# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK C. BALDWIN, JR., | ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 13-1106-GPM |
| UNITED STATES OF AMERICA, | ) ) CRIMINAL NO. 12-30172-GPM |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Mr. Baldwin filed the pending petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts mandates that such motions "shall be examined" and "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Such is the case here. Mr. Baldwin's § 2255 motion is meritless and shall be dismissed on the Court's threshold review.

Mr. Baldwin's only grounds for relief are based on the argument that there was insufficient evidence to support a conviction on Count 1 of the Indictment against him—so he was improperly charged and received ineffective assistance of counsel when he was advised to plead guilty to Count 1. Count 1 of the Indictment charged Mr. Baldwin with enticement of a minor, stating:

> [D]efendant herein, did use any facility and means of interstate and foreign commerce to knowingly employ, use, persuade, induce, entice, and coerce an individual whom he believed to be 11 years old to engage in sexual activity for which any person could be charged with a criminal offense, that is the production and attempted production of child pornography in violation of Title 18, United

States Code, Section 2251(a); all in violation of Title 18, United States Code, Section 2422(b).

(SDIL Criminal Case No. 12-30172-GPM, Doc. 1). As Mr. Baldwin states in his section 2255 motion, the conduct that was the basis of that charge "involved Defendant asking the victim to send him a picture of her genitalia" (Doc. 1). His argument in this section 2255 motion is that 18 U.S.C. § 2422(b) requires physical contact between two people. As there was no physical contact between himself and the victimized child here, he could not have been tagged under § 2422(b) and advise to plead to such a charge constituted ineffective assistance.

His argument fails. "Sexual activity" under the statute may not encompass an adult masturbating connected via webcam to a minor, *United States v. Taylor,* 640 F.3d 255, 256 (7th Cir. 2011), but attempted production of child pornography is undoubtedly "sexual activity for which a person can be charged with a criminal offense." 640 F.3d at 259, *quoting* 18 U.S.C. § 2427. Mr. Baldwin could not feasibly argue that counsel's performance was deficient or that any prejudice resulted on the basis argued in his section 2255 motion.

Upon the review called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court finds it plain that Mr. Baldwin is not entitled to relief. His argument is a nonstarter. The § 2255 motion is thus **DENIED** and this action **DISMISSED**. As the Court finds his motion bereft of any arguable basis for relief, the Court also **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED**: November 26, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge